JOSEPH A. GAOUETTE, Respondent, *v.* ÆTNA LIFE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Appellant.

Second Department, February 28, 1938.

*T. Carlyle Jones,* for the appellant.

*William W. Bailey* [*Alfred M. Bailey* with him on the brief], for the respondent.

CARSWELL, J. The defendant insurance company issued a policy which gave one Eiduson, the insured, indemnity coverage of " Limit one person $5,000. Limit one accident $10,000 " in the event he was cast in judgment as a consequence of the operation of his automobile.

Plaintiff obtained a judgment for $1,146.50 against Eiduson for loss of services suffered as a result of injuries inflicted on his wife. As a consequence of the same accident, the wife obtained a verdict for $5,000. The defendant insurance company paid the wife's judgment. It refused to pay the judgment of the plaintiff husband; whereupon he began this action. After issue was joined plaintiff moved to strike out the answer and for summary judgment. This motion was granted, and from the order and the judgment entered thereon the defendant appeals.

The facts are not in dispute. The sole question relates to the interpretation of the contract of insurance.

Defendant asserts that the coverage clause contains a limitation of liability to " bodily injuries " and that this excludes liability for a judgment for loss of services where the individual who suffered the " bodily injuries " has been paid the full amount of the indemnity specified in the policy. The insurer having paid the wife's judgment based on the $5,000 verdict, asserts that that is the limit of liability for one person.

It is true the coverage clause purports to contain such a limitation of liability in respect of " bodily injuries," but the coverage may not be so limited, because there is in the same paragraph a limitation of liability based on " personal injury." It is stated in the caption of the coverage clause that the liability is for " personal injury," and by reference there has been incorporated in the body of the coverage clause a limitation of liability based on " personal injury." The latter term is broader than the term " bodily injuries " because there is included in the term " personal injury " a right to indemnity for loss of services. The ambiguity thus resulting requires that full force be given to the coverage clause on the basis of limitation of liability of " Personal Injury Limit one accident $10,000," rather than " bodily injuries." (*Bakker* v. *Ætna Life Insurance Co.*, 148 Misc. 162; affd., 240 App. Div. 880; affd., 264 N. Y. 150.)

The soundness of this view is reinforced by a reference to further liability under the " Special Conditions " clause in which indemnity is furnished for litigation costs and interest arising from " claims for injuries to persons." The latter phrase includes loss of services and is synonymous with " personal injury." (*Floyd* v. *Consolidated Indemnity & Insurance Co.*, 237 App. Div. 190; *Bakker* v. *Ætna Life Insurance Co.*, supra.)

The foregoing view was adopted in the *Bakker* case in reference to a policy the body of which was identical with the policy here involved. There the policy bore five indorsements which do not appear here. However, that makes for no distinction. The conflict between the term " bodily injuries " and the term " personal

injury," with resultant ambiguity, arises from the incorporation, by reference in the coverage clause, of the term "personal injury," with the limitation of liability relating thereto stated on the second page of the policy, which refers to the application therefor, and from the presence in the same paragraph of a purported similar limitation with reference to "bodily injuries." This conflict and ambiguity exists to the same degree here as in the *Bakker* case. The reiteration of the reference to "personal injury" in the five indorsements in the *Bakker* case merely emphasizes the conflict and the resultant ambiguity.

The order granting plaintiff's motion to strike out defendant's answer and for summary judgment and the judgment entered thereon should be affirmed, with ten dollars costs and disbursements.

Present — LAZANSKY, P. J., CARSWELL, ADEL, TAYLOR and CLOSE, JJ.

Order granting motion to strike out defendant's answer and for summary judgment and judgment entered thereon unanimously affirmed, with ten dollars costs and disbursements.