**Donald Walter BAILEY, Appellant,**

v.

**Ray Avery WHAPLES, Appellee.**

**No. 4767.**

Court of Civil Appeals of Texas.

Waco.

Dec. 19, 1968.

Rehearing Denied Jan. 9, 1969.

Odeneal, Odeneal & Hunt, William C. Odeneal, Jr., Dallas, for appellant.

George R. Edwards, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Bailey from a take nothing judgment, rendered against him on a jury verdict, in a suit for personal injuries resulting from an automobile collision.

Plaintiff sued defendant to recover damages for personal injuries received in an automobile collision allegedly caused by defendant's negligence, and plaintiff alleged in the alternative "in the event that the collision did not cause all of the personal injuries hereinbefore set forth that said collision aggravated a previous condition that plaintiff had in his lower back as a result of previous injuries necessitating surgery in about 1960."

The evidence reflected that defendant's automobile ran into plaintiff's automobile when plaintiff's automobile was parked, moving it about a foot. Plaintiff testified the impact caused his body to move forward, hitting the steering wheel and knocking the breath out of him, although he was not aware he had sustained injuries until the next day. The evidence further reflects plaintiff had received a back injury in 1959 which required surgery and which incapacitated him for about a year. The witness Dr. Krusen who examined plaintiff before and after his surgery in 1960, and who examined plaintiff after the collision made the basis of this suit, testified that it was never possible for him to determine whether plaintiff's complaints related to the new injury or whether they related to the previous injury. There is evidence that plaintiff was injured in the collision, and there is evidence that plaintiff sustained no injury in the collision, but that his complaints are a result of his 1959–1960 injury and surgery.

The trial court submitted the case on special issues. Special Issue No. 1 was as follows:

"Special Issue No. 1. Do you find from a preponderance of the evidence that Donald Bailey sustained personal injury as a result of the accident in question? Answer 'Yes' or 'No.'" (Which the jury answered No).

Plaintiff objected to the submission of such issue and requested the following issue:

"Do you find from a preponderance of the evidence that Donald Bailey sustained a personal injury or an aggravation of a previous condition as a result of the accident in question? Answer 'Yes' or 'No'".

And plaintiff requested the following instruction be given the jury if the Court's Issue 1 be submitted:

"The term 'personal injury' as that term is used in this charge is intended to include an aggravation of a previous injury."

The trial court overruled plaintiff's objections to the charge, refused to submit plaintiff's requested issue, and refused to give plaintiff's requested instruction.

As noted, the jury answered Special Issue No. 1 "No". Subsequent issues were conditioned on an affirmative answer to Issue 1 and were not answered. The trial court entered judgment on the verdict that plaintiff take nothing.

Plaintiff appeals on 5 points, contending the trial court erred in refusing to submit his requested issue, or his requested instruction.

Plaintiff concedes that the evidence is ample to sustain the jury's answer to the issue submitted.

■ In an action for injuries allegedly sustained in a collision, the burden is on plaintiff to prove he has been injured, and an issue is required as to such fact where the evidence is conflicting. Texas & Pacific Ry. Co. v. Van Zandt, 159 Tex. 178, 317 S.W.2d 528.

■ And each party, whether plaintiff or defendant, is entitled to the affirmative

and unconditional submission of the issues presented by his pleadings as grounds of recovery or grounds of defense, provided of course there is evidence raising the issues. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517, 521; Texas Emp. Ins. Ass'n. v. Patterson, 144 Tex. 573, 192 S.W.2d 255, 257.

Rule 277 Texas Rules of Civil Procedure requires the trial court to "submit the cause upon special issues * * * raised by the written pleadings and the evidence in the case", and provides " * * * the court may submit disjunctively in the same question two inconsistent issues where it is apparent from the evidence that one or the other of the conditions or facts inquired about necessarily exists."

Nevertheless the court should not submit duplicate issues raising the same fact question, and should submit only the *controlling* issues made by the pleadings and evidence, and should not submit various phases or shades of the same issue. Rule 279 T.R.C.P.; Holmes v. J. C. Penney Co., S.Ct., 382 S.W.2d 472.

We think the controlling and ultimate issue was whether plaintiff sustained an injury, and that the trial court correctly submitted such issue. We think such issue inclusive of the question whether plaintiff sustained aggravation of previous injuries, and that aggravation of previous injuries is still an "injury", and a "shade" of the issue submitted by the trial court.

As to the instruction requested, the trial court should ordinarily define only phrases which have been given a distinctive legal meaning. Miller v. Watson, CCA, n. r. e., 257 S.W.2d 839. The term "personal injury" has no distinctive legal meaning other than the meaning generally attributed to the term. It is broad and inclusive of all types of injury a person might receive.

We think the trial court correctly submitted the case; and since plaintiff con-

cedes the jury's finding is supported by the evidence; that the case must be affirmed. Plaintiff's points and contentions are overruled.

Affirmed.