Albert F. MOKRY, Sr., Appellant,

v.

UNIVERSITY OF TEXAS HEALTH
SCIENCE CENTER AT DALLAS,
Texas, et al., Appellees.

No. 18686.

Court of Civil Appeals of Texas,
Dallas.

Oct. 16, 1975.

Rehearing Denied Nov. 13, 1975.

Robert J. Shoemaker, McKool, Shoe-maker & Vassallo, Dallas, for appellant.

Jack Sparks, Asst. Atty. Gen., Austin, for appellees.

CLAUDE WILLIAMS, Chief Justice.

Albert F. Mokry, Sr., brought this suit under the Texas Tort Claims Act, Tex.Rev.

Civ.Stat.Ann. art. 6252–19, § 3 (Vernon Supp.1973) against the University of Texas Health Science Center at Dallas, Texas, the Board of Regents of the University of Texas System and the State of Texas to recover damages for mental anguish, headaches and nervousness resulting from the negligent loss of his left eyeball after it had been surgically removed and while it was being prepared for a laboratory examination at the University of Texas Health Science Center. Defendants filed a plea in abatement and special exceptions in which they asserted that plaintiff Mokry had failed to state a cause of action that would bring him within the waiver of governmental immunity under the Texas Tort Claims Act. The court sustained the plea in abatement and special exceptions and, upon plaintiff's refusal to amend, dismissed the cause. From that judgment plaintiff appeals. We reverse and remand.

Mokry's points of error raise two principal contentions: (1) That the trial court erred in finding that plaintiff had failed to state a cause of action within the waiver of governmental immunity created by the Texas Tort Claims Act and (2) that the trial court erred in ruling that the State of Texas was not required to answer Mokry's written interrogatories.

■ Resolution of the first complaint requires construction of the allegations contained in plaintiff's trial pleadings. In reviewing the court's action in sustaining the plea in abatement and special exceptions we accept as true the allegations of the petition. *Clark v. State*, 324 S.W.2d 75, 79 (Tex.Civ.App.—San Antonio 1959), *affirmed, State v. Clark*, 336 S.W.2d 612, 619 (1960); *Newton v. Dallas Morning News*, 376 S.W.2d 396 (Tex.Civ.App.—Dallas 1964, no writ); *Homeright Co. v. Exchange Warehouses, Inc.,* 526 S.W.2d 241, 243 (Tex. Civ.App.—Tyler 1975).

Plaintiff Mokry, in his first amended original petition, alleged that his left eye was surgically removed by his private physician on February 6, 1973, and was then delivered to the University of Texas Health Science Center at Dallas for pathological examination to determine whether the eye was cancerous. While the eyeball was in the custody of an employee of the Health Science Center and while that employee was engaged in the course and scope of her employment, it came out of the container in which it was being washed and was lost down the drain. A number of acts of negligence by defendants' agents, servants and employees were alleged to be the proximate cause of the loss of plaintiff's eyeball and of his resulting mental pain and anguish, nervousness and headaches which damaged him in the amount of $60,000.

Defendants-appellees contend that the allegations in Mokry's petition are insufficient to impose liability on the state for the following reasons: (1) The cause of action alleged does not come within the waiver of governmental immunity created by the Texas Tort Claims Act and (2) plaintiff's petition alleges only damages for mental suffering which he cannot recover in the absence of physical harm.

We cannot agree with the arguments advanced by the state. Tex.Rev.Civ.Stat.Ann. art. 6252–19, § 3 (Vernon Supp.1973) provides:

Each unit of government in the state shall be liable for money damages for property damage or *personal injuries* or death when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment or office arising from the operation or use of a motor-driven vehicle and motor-driven equipment, other than motor-driven equipment used in connection with the operation of floodgates or water release equipment by river authorities created under the laws of this state, under circumstances where such officer or employee would be personally liable to the claimant in accordance with the law of this state, or death or *personal injuries* so caused from some condition or *some use of tangible proper-*

ty, real or personal, under circumstances where such unit of government, if a private person, would be liable to the claimant in accordance with the law of this state. Such liability is subject to the exceptions contained herein, and it shall not extend to punitive or exemplary damages. Liability hereunder shall be limited to $100,000 per person and $300,000 for any single occurrence for bodily injury or death and to $10,000 for any single occurrence for injury to or destruction of property. [Emphasis added.]

The Act provides further in § 13: "The provisions of this Act shall be liberally construed to achieve the purposes hereof."

■ Plaintiff alleged that the agents and employees of the defendants were negligent in failing to have a screen or strainer covering the drain opening in the sink, in not covering the mouth of the container in which the eye had been deposited so as to prevent it from coming out of the container, in allowing the gauze cover of the container to come off and in allowing the container to tip or fall over causing the eye to come out and be lost down the drain. Plaintiff further alleges that the failure to use the usual glass container to wash the eye and to remove or to hold the container while the water was drained from the sink constituted negligence which proximately caused the loss of the eye and the resulting damages to plaintiff. We hold that these pleadings adequately allege a cause of action for damages from negligent acts or omissions of an employee of the state, acting within the scope of his employment, arising from some condition or use of tangible property under circumstances which the state, if it were a private person, would be liable to the plaintiff. At the time the court dismissed the action the parties had stipulated that the plumbing fixtures, including the sink, drain and drainpipes involved in the loss, were fixtures or parts of tangible personal or real property owned by the state and its agencies. It was in conjunction with the use of those items of tangible property that this cause of action arose.

■ Defendants-appellees argue that plaintiff's petition does not allege that he sustained damages from "personal injuries" as required by the Act quoted above. They contend that since Mokry did not allege that he suffered actual physical harm he cannot recover damages for mental suffering alone.

We note that the Legislature used the terms "personal injury" and "bodily injury" in the above quoted portions of the Texas Tort Claims Act. The term "bodily injury" is defined in Tex.Penal Code Ann. § 1.07(a)(7) (Vernon 1974) as follows: " 'Bodily injury' means physical pain, illness, or any impairment of physical condition." The term "personal injury" is defined in Tex.Rev.Civ.Stat.Ann. art. 6701d, § 10(e) (Vernon Supp.1972) as: "A wound or injury to any part of the human body which necessitates treatment." The Workmen's Compensation Act, Tex.Rev.Civ.Stat. Ann. art. 8306, § 20 (Vernon Supp.1974) defines the term "injury" or "personal injury" as "damage or harm to the physical structure of the body and such diseases or infection as naturally result therefrom."

In Bailey v. American General Insurance Co., 154 Tex. 430, 279 S.W.2d 315 (1955), the Supreme Court held that an employee could recover workmen's compensation insurance for a disabling neurosis, described as an "anxiety reaction" or "anxiety state." There an employee alleged that he suffered from that condition as a result of observing a fellow employee fall from a scaffold to his death. The Supreme Court, in an exhaustive opinion dealing with physical injury caused by an emotional trauma, pointed out that "physical structure of the body" refers to the entire body, not simply to the skeletal structure or to the circulatory or digestive systems. "It refers to the whole, to the complex of perfectly integrated and interdependent bones, tissues and organs which function together by means of electrical, chemical and mechanical processes in a liv-

ing, breathing, functioning individual. To determine what is meant by 'physical structure of the body,' the structure should be considered that of a living person—not as a static, inanimate thing." *Id.* at 318. Stating that since there was an actual physical injury, though the cause was an emotional trauma, the court allowed recovery.

The terms "bodily injury" and "personal injury" are both used in the statute. We regard them as equivalent. *American Fidelity and Casualty Co. v. Mahon,* 170 Md. 573, 185 A. 330, 332, 105 A.L.R. 1200 (1936) and *Cormier v. Hudson,* 284 Mass. 231, 187 N.E. 625, 626 (1933). In *Bailey v. Whaples,* 435 S.W.2d 626 (Tex.Civ.App.—Waco 1968, writ ref'd n.r.e.) the court said that "personal injury" has no distinctive legal meaning other than the meaning generally attributed to the term. It is a broad and inclusive term relating to all types of injury a person might receive. In *Dave Snelling Lincoln-Mercury v. Simon,* 508 S.W.2d 923 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ) recovery was allowed for the mental injury of traumatic depressive reaction, suffered by a mother after witnessing the death of her child. There was no physical contact with the body, but the court, following the Supreme Court in *Hill v. Kimball,* 76 Tex. 210, 13 S.W. 59 (1890), held that the foreseeable physical injury sustained as a result of the severe emotional impact, was grounds for recovery.

Mokry's allegations that he suffered personal injuries in the form of headaches and nervousness as a result of the negligence of employees of the state in the use of tangible property owned by the state recite a valid cause of action within the Texas Tort Claims Act. Accordingly, we sustain appellant's points of error and hold that the trial court erred in dismissing the cause of action.

Since the case must be reversed and remanded for further proceedings in the trial court, it is appropriate that we also pass upon appellant's complaint that the trial court erred in ruling that the State of Texas was not required to answer Mokry's written interrogatories propounded to the state pursuant to Tex.R.Civ.P. 168. The record reveals that Mokry submitted interrogatories to defendants which requested information which would reveal facts concerning the circumstances of the loss of the eyeball. The state refused to answer, and the trial court ruled that the state need not respond to those interrogatories. Our Supreme Court in *Texas Department of Corrections v. Herring,* 513 S.W.2d 6, 7 (Tex. 1974) required the state, as a party defendant in a personal injury action, to comply with the rule relating to answering written interrogatories. The court said:

As a general rule, the State litigates as any other party in Texas courts. 'When the state becomes a litigant in the courts it must observe and is bound by the same rules of procedure that bind all other litigants, except where special provision is made to the contrary.' *Texas Company v. State,* 154 Tex. 494, 281 S.W.2d 83, 90 (1955). . . . Laws and rules governing evidence, burden of proof, cross complaints, pleadings, instructed verdicts and summary judgments bind the State and other litigants uniformly.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings.