Ella Jo McGOVERN, Petitioner,

v.

Linda Kay WILLIAMS et al.,
Respondents.

No. C–6316.

Supreme Court of Texas.

Dec. 9, 1987.

Rehearing Denied Jan. 20, 1988.

Dale B. Tillery, Edwards & Tillery, Dallas, for petitioner.

Roger W. Kraus, Kraus & Hitt, Richardson, for respondents.

SPEARS, Justice.

This cause concerns the liability of an insurance company under an automobile liability policy. Robert McGovern and wife, Ella Jo, sued respondent Linda Kay Williams for damages arising out of an automobile accident. Mr. McGovern sued for personal injuries and Mrs. McGovern, who was not involved in the accident, sued for loss of consortium. Respondent State Farm Insurance Company, the insurer for Ms. Williams, intervened and tendered $10,000 as full payment of its policy limits. The trial court determined that $10,000 was the applicable policy limit and, after accepting the tender, released and discharged State Farm from any further liability. The court of appeals, in an unpublished opinion, affirmed the judgment of the trial court. We affirm the judgment of the court of appeals.

Robert McGovern, a City of Dallas employee, sustained personal injuries in an automobile accident. The City of Dallas, as subrogee, initiated suit against Linda Kay Williams for Mr. McGovern's personal injuries. Mr. and Mrs. McGovern later brought a separate action against Ms. Williams and others for Mr. McGovern's personal injuries and for Mrs. McGovern's loss of consortium. The two causes of action were consolidated and State Farm intervened in the suit. Ms. Williams' insurance policy with State Farm insured Ms. Williams to the extent of $10,000 per person and $20,000 per occurrence for bodily

injury claims. State Farm tendered $10,-000 pursuant to the "per person" policy limit. Mrs. McGovern disputed the amount of the tender, contending that she and Mr. McGovern were each entitled to $10,000 in insurance proceeds and that State Farm's obligation was $20,000. The trial court held State Farm was not obligated to pay the damages sustained by Mr. and Mrs. McGovern in excess of the $10,000 limit. The trial court accordingly accepted State Farm's tender of $10,000 and released State Farm from any further liability. The trial court also rendered judgment against Ms. Williams in favor of Mrs. McGovern for $10,000.

At issue in this case is whether loss of consortium is a separate "bodily injury" to a spouse for purposes of applying the minimum insurance policy limits contained in Ms. Williams' policy and required by the Texas Safety Responsibility Law, Tex.Rev. Civ.Stat.Ann. art. 6701h, § 21 (Vernon 1977). Mrs. McGovern contends that her claim for loss of consortium constitutes a "bodily injury" as that term is used in Article 6701h, § 21 and that she is entitled to independently recover from State Farm under the $10,000 "per person" liability limit. The provisions of Article 6701h, § 21 require all motor vehicle liability policies to contain the following minimum limits:

> Ten Thousand dollars ($10,000) *because of bodily injury to or death of one person in any one accident* and, subject to said limit for one person, Twenty Thousand Dollars ($20,000) *because of bodily injury to or death of two (2) or more persons in any one accident ...* (emphasis added).

Mrs. McGovern argues the legislature intended Article 6701h to encompass loss of consortium as a separate "bodily injury" because the legislature's general intent in enacting the statute was to protect persons from loss caused by negligent motorists. She contends that bodily injury is not limited to actual physical contact but is to be liberally construed to include mental anguish and emotional trauma. Mrs. McGovern relies on *Whittlesey v. Miller*, 572 S.W.2d 665 (Tex.1978) in which this court recognized loss of consortium as a separate

and independent cause of action that arises as a result of negligent injury to one's spouse. *Id.* at 668. Mrs. McGovern thus contends that she is entitled to an independent recovery of $10,000 under the policy as a person who sustained "bodily injury."

The language of Article 6701h—"bodily injury to or death of one person in any one accident"—clearly refers to the person who is actually involved and physically or emotionally injured in the accident. The language of Article 6701h refers to liability limits due to bodily injury or death to any one or more persons *in* any one accident. It is undisputed that only Mr. McGovern was involved *in* the accident giving rise to his personal injuries. Thus, because only one person was involved in that accident, the limit of State Farm's liability is $10,000.

The term "bodily injury" cannot be reasonably construed to incorporate loss of consortium. While it is true that loss of consortium is a separate and independent cause of action, that action is a derivative claim that arises only as a consequence of injuries to one's spouse. *Whittlesey*, 572 S.W.2d at 667; *Reed Tool Co. v. Copelin*, 610 S.W.2d 736, 738 (Tex.1981). The fact that Mrs. McGovern has a separate cause of action for loss of consortium does not mean, as Mrs. McGovern asserts, that loss of consortium constitutes a "bodily injury."

In *Whittlesey*, we defined consortium as "companionship, emotional support, love, felicity, and sexual relations," and recognized that loss of consortium involves harm to "the intangible and sentimental elements" of a marriage. *Whittlesey*, 572 S.W.2d at 667. A spouse suing for loss of consortium seeks redress for the loss or impairment of the intangible interests of a marital relationship and not for physical or emotional harm done to him or her. *Id.* Loss of consortium, therefore, does not involve any allegation of physical harm, nor does it include an element of mental anguish. Mental anguish is a cause of action separate and distinct from loss of consortium. *Moore v. Lillebo*, 722 S.W.2d 683, 687–88 (Tex.1986). In the present case, Mrs. McGovern neither alleged physical harm nor mental anguish. Her claim for

loss of consortium, therefore, cannot constitute a claim of "bodily injury."

Our holding is consistent with other decisions in which this court has construed language in the Texas Tort Claims Act that is similar to the language of Article 6701h. In *City of Austin v. Cooksey*, 570 S.W.2d 386 (Tex.1978), the widow, children, and mother of a decedent each sought a wrongful death recovery against the State of Texas for a total claim for damages in excess of $100,000. In determining the extent of the State's liability, we focused on the language of the Tort Claims Act limiting liability to "$100,000 per person and $300,000 for any single occurrence of bodily injury or death ..." Tex.Rev.Civ. Stat.Ann. art. 6252-19, § 3 (Vernon 1977) (now codified at Tex.Civ.Prac. & Rem.Code Ann. § 101.023 (Vernon 1986)). We concluded that the term "per person" referred only "to the person or persons sustaining injury" and not to persons "who suffer a loss as a result of any injury to someone else." *Cooksey*, 570 S.W.2d at 388. The State's liability was thus limited under the Act to $100,000 for the death of one person regardless of the number of people suffering loss as a result of that person's injury.

In *Madisonville Independent School District v. Kyle*, 658 S.W.2d 149 (Tex.1983), we considered another wrongful death claim under the Tort Claims Act. The parents of the deceased child received a judgment for more than $100,000, including damages for loss of companionship and society. There we held that the $100,000 "per person" limit of the Tort Claims Act limited the parents' total recovery for all claims to the $100,000 "per person" limit. *Id.* at 150.

Contrary to Mrs. McGovern's contention, the holding in *Mokry v. University of Texas Health Science Center*, 529 S.W.2d 802 (Tex.Civ.App.—Dallas 1975, writ ref'd n.r.e.) is inapposite here. In *Mokry*, the plaintiff was allowed to recover under the Texas Tort Claims Act for mental anguish and headaches resulting from the negligent loss of his eyeball during surgical and laboratory procedures. Unlike the present case, the plaintiff in *Mokry* suffered the only injury; his claim was not derivative of another's bodily injury claim as is Mrs. McGovern's. Further, Mokry's claim was for mental anguish and was brought under the Tort Claims Act, which allows a broad recovery for "personal injury" instead of the more narrow recovery allowed by Article 6701h for "bodily injury."

Our holding is also consistent with the majority of other jurisdictions that have considered this issue and have held that a loss of consortium is not a bodily injury for purposes of recovering in excess of the "per person" limit of an insurance policy or a statute. *See Campbell v. Farmers Insurance Co.*, 155 Ariz. 102, 745 P.2d 160 (Ariz.Ct.App.1987); *Bakken v. State Farm Mutual Automobile Insurance Co.*, 139 Ariz. 296, 678 P.2d 481, 485 (Ariz.Ct.App. 1983); *United Services Automobile Ass'n v. Warner*, 64 Cal.App.3d 957, 135 Cal. Rptr. 34, 38 (1976); *Arguello v. State Farm Mutual Automobile Insurance Co.*, 42 Colo.App. 372, 599 P.2d 266, 267 (1979); *Izzo v. Colonial Penn Insurance Co.*, 203 Conn. 305, 524 A.2d 641, 645 (1987); *Creamer v. State Farm Mutual Automobile Insurance Co.*, 161 Ill.App.3d 223, 112 Ill.Dec. 748, 514 N.E.2d 214 (1987); *Lepic v. Iowa Mutual Insurance Co.*, 402 N.W. 2d 758, 763–64 (Iowa 1987); *Albin v. State Farm Mutual Automobile Insurance Co.*, 498 So.2d 171, 174 (La.Ct.App.1986); *Auto Club Insurance Ass'n v. Lanyon*, 142 Mich.App. 108, 369 N.W.2d 269, 271 (1985); *Old Security Casualty Insurance Co. v. Clemmer*, 455 So.2d 781, 784 (Miss.1984); *New Hampshire Insurance Co. v. Bisson*, 122 N.H. 747, 449 A.2d 1226, 1227 (1982); *Bean v. Miller*, 122 N.H. 681, 448 A.2d 424, 426 (1982); *South Carolina Insurance Co. v. White*, 82 N.C.App. 122, 345 S.E.2d 414, 416 (1986); *White v. Safeco Insurance Co. of America*, 68 Or.App. 11, 680 P.2d 700, 702 (1984); *Sheffield v. American Indemnity Co.*, 245 S.C. 389, 140 S.E.2d 787, 790 (1965); *Thompson v. Grange Insurance Ass'n*, 34 Wash.App. 151, 660 P.2d 307, 314 (1983); *Arnold v. Mountain West Farm Bureau Mutual Insurance Co.*, 707 P.2d 161, 166 (Wyo.1985). *See also* Annotation, *Consortium Claim of Spouse, Parent or Child of Accident Victim as Within Ex-*

tended "Per Accident" Coverage Rather than "Per Person" Coverage of Automobile Liability Policy, 46 A.L.R. 4th 735 (1986).

There are cases holding that loss of consortium is a "bodily injury" for insurance coverage purposes. Those decisions, however, have been based on language different from that of Article 6701h. See, e.g., Cano v. Travelers Insurance Co., 656 S.W. 2d 266, 271 (Mo.1983); Allstate Insurance Co. v. Handegard, 70 Or.App. 262, 688 P.2d 1387 (1984); Giardino v. Fierke, 160 Ill.App.3d 648, 112 Ill.Dec. 559, 513 N.E.2d 1168 (1987); Bilodeau v. Lumbermens Mutual Casualty Co., 392 Mass. 537, 467 N.E. 2d 137 (1984); Gaouette v. Aetna Life Insurance Co., 253 App.Div. 388, 2 N.Y.S.2d 497 (1938). In one instance, the decision holding that loss of consortium is a "bodily injury" was rendered in a jurisdiction where the nature of the cause of action for loss of consortium differs significantly from that cause of action in Texas. Abellon v. Hartford Insurance Co., 167 Cal. App.3d 21, 212 Cal.Rptr. 852 (1985).

State Farm's policy of insurance is subject to the approval of the State Board of Insurance. The State Board has the authority to set rates for personal injury protection coverage under automobile liability insurance policies. Tex.Ins.Code Ann. art. 5.01 et seq. (Vernon 1981). The State Board may consider respective risk exposures in setting rates on such liability policies. Id. art. 5.04; American Liberty Insurance Co. v. Ranzau, 481 S.W.2d 793, 797 (Tex.1972). The State Board is, in fact, required to take into consideration every factor essential to the promulgation of rates that are as low to the insured as is consistent with a reasonable return to the insurer. American Alliance Insurance Co. v. Board of Insurance Commissioners, 126 S.W.2d 741, 744 (Tex.Civ.App.—Austin 1939, writ ref'd); Tex.Ins.Code Ann. art. 5.01 (Vernon 1981). It is logical to assume that the rate structure on liability policies established by the State Board does not contemplate an unlimited number of claimants who could each receive $10,000 if we were to accept petitioner's interpretation of the policy provision. Recovery under one policy with minimum limits would be escalated into many times the policy limits, a result clearly not contemplated when the premium rate structure was established.

We hold that when only one person is actually involved in an automobile accident and sustains bodily injury in that accident, Article 6701h limits recovery for any and all claims to the "per person" $10,000 limit. We further hold that the term "bodily injury" as used in Article 6701h does not encompass loss of consortium.

Our holding is based on sound public policy. To hold that loss of consortium is a "bodily injury" within the scope of Article 6701h would place loss of consortium claims on an equal footing with the bodily injury claims of those actually involved in motor vehicle accidents. Permitting a separate "per person" recovery for loss of consortium would give those suffering serious injuries from accidents no greater right to a share of the total available insurance proceeds from the occurrence than those asserting a derivative claim for loss of consortium. Subjecting loss of consortium to the "per person" limit will not deprive the spouse of his or her claim but will merely make a consortium claim and the bodily injury claim subject to the "per person" liability limit provided in the insurance policy.

The final judgment in this case reflects that the parties entered into the following stipulations:

It was further stipulated by Plaintiff ROBERT J. MCGOVERN and Defendant LINDA KAY WILLIAMS that in consideration of Defendant LINDA KAY WILLIAMS' tender of her policy limits, as it related to Plaintiff ROBERT J. MC-GOVERN's independent claim arising out of Defendant LINDA KAY WILLIAMS' negligence, Plaintiff ROBERT J. MCGOVERN dismissed with prejudice Defendant LINDA KAY WILLIAMS. It was further stipulated and understood by Defendant LINDA KAY WILLIAMS that Plaintiff ROBERT

J. MCGOVERN's dismissal of his independent cause of action in no way compromised, settled or dismissed any causes or claims asserted by Plaintiff ELLA JO MCGOVERN.

We read the above stipulations as dismissing Robert McGovern's claim against Ms. Williams in exchange for the tender of $10,000, the State Farm liability limit. We do not construe the stipulations as a relinquishment of Mr. McGovern's claim to State Farm policy proceeds. Such a construction would permit the parties to manipulate the judgment and deprive the City of Dallas of its right to subrogation. The parties are not permitted to purposefully restructure their claims in order to avoid valid subrogation rights. Further, any effort to divert the policy proceeds from the City of Dallas to Mrs. McGovern would not succeed.

Even in the absence of Mr. McGovern's claim, State Farm would still not be liable to Mrs. McGovern for a loss of consortium claim. The withdrawal of Robert McGovern's claim does not create liability on the part of State Farm for claims that do not involve bodily injury.

The judgment of the court of appeals is affirmed.