The Law Offices of Michael E. Robinson, and Michael E. Robinson, Dallas, for appellant.

Law Offices of Arlen D. "Spider" Bynum, and Arlen D. "Spider" Bynum, Dallas, for appellee.

Before WEAVER, C.J., and FARRIS and MEYERS, JJ.

**Celia G. ESHTARY, Appellant,**

v.

**ALLSTATE INSURANCE COMPANY, Appellee.**

No. 2–88–065–CV.

Court of Appeals of Texas, Fort Worth.

March 29, 1989.

## OPINION

FARRIS, Justice.

This suit involves the construction of the liability limitation for uninsured motorist coverage under an auto insurance policy. Celia G. Eshtary has appealed the summary judgment rendered against her and in favor of Allstate Insurance Company. Mohammed Eshtary, the deceased, was killed in an automobile collision between his vehicle and that of Charles Alvarez, an uninsured motorist. Mrs. Eshtary was not involved in the accident. She was awarded $20,000 damages for her husband's injuries and death but denied her claim for another $20,000 for her personal mental pain and

anguish caused by such death. Mrs. Eshtary's suit for her own mental pain and anguish was severed from the original action and such suit is the subject of this appeal.

■ We affirm. The mental anguish she suffered as a result of her husband's accident is not covered by the uninsured motorist protection because she was not injured in the accident.

Allstate issued a policy to Mrs. Eshtary with uninsured motorist coverage which provided:

We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person, or property damage, caused by an accident.

Covered person is defined as "you or any family member." The policy provided for $20,000 coverage per person injured in each accident and $40,000 total coverage for bodily injuries per accident.

In her first point of error, Mrs. Eshtary asserts that the trial court erred in granting summary judgment. It is Mrs. Eshtary's contention that her mental anguish was a bodily injury resulting from her husband's automobile accident and that the $40,000 maximum is the maximum for all bodily injury damages sustained by covered persons in any one accident.

The Texas Safety Responsibility Law, TEX.REV.CIV.STAT.ANN. art. 6701h, sec. 5(c)(6) (Vernon Supp.1989) required all motor vehicle liability policies to contain these minimum limits:

Twenty Thousand Dollars ($20,000) because of bodily injury to or death of one person in any one accident, and, subject to said limit for one person, to a limit of not less than Forty Thousand Dollars ($40,000) because of bodily injury to or death of two (2) or more persons *in* any one accident.

*Id.* (emphasis added). The supreme court has written on this very point:

The language of Article 6701h—"bodily injury to or death of one person in any one accident"—clearly refers to the person who is actually involved and physically or emotionally injured in the accident. The language of Article 6701h refers to liability limits due to bodily injury or death to any one or more persons *in* any one accident. It is undisputed that only Mr. McGovern was involved *in* the accident giving rise to his personal injuries. Thus, because only one person was involved in that accident, the limit of State Farm's liability is $10,000.

*McGovern v. Williams,* 741 S.W.2d 373, 374 (Tex.1987) (emphasis in original).

By lifting the name of "McGovern" out of the foregoing supreme court quote and replacing it with "Eshtary," we note that the word "in" is dispositive of the point raised here. In the instant case, as in *McGovern,* the conclusion is that only Mr. Eshtary was involved "in" the accident giving rise to his personal injuries. "Thus, because only one person was involved in that accident, the limit of [Allstate's] liability is" $20,000. *McGovern,* 741 S.W.2d at 374.

Notwithstanding the supreme court's holding in *McGovern,* Mrs. Eshtary contends the facts in that case are distinguishable because Mrs. McGovern alleged loss of consortium was a "bodily injury" under TEX.REV.CIV.STAT.ANN. art. 6701h, sec. 21 (Vernon Supp.1989), and the insurance contract, whereas Mrs. Eshtary contends "mental pain and anguish" is a "bodily injury" under this statute and the insurance contract. Mrs. Eshtary interprets language used by the supreme court in *McGovern* as indicating there would have been a different result had the plaintiff in *McGovern* been seeking recovery for mental pain and anguish (as asserted in Mrs. Eshtary's case). Specifically, Mrs. Eshtary refers to the court's statements in *McGovern* that the term "bodily injury" cannot be reasonably construed to incorporate loss of consortium because by definition loss of consortium:

[D]oes not involve any allegation of physical harm, nor does it include an element of mental anguish. Mental anguish is a cause of action separate and distinct from loss of consortium. [Cita-

tion omitted.] In the present case, Mrs. McGovern neither alleged physical harm nor mental anguish. Her claim for loss of consortium, therefore, cannot constitute a claim of "bodily injury."

*Id.* at 374–75.

We need not address Mrs. Eshtary's interpretation of this language, because we apply the supreme court's ultimate rationale in *McGovern* to the instant case and hold that the term "bodily injury" cannot be reasonably construed to incorporate mental pain and anguish if the claim is being asserted as a derivative claim arising only as a consequence of injuries to another person. We overrule point of error one.

In her second point of error, Mrs. Eshtary contends the trial court erred in granting Allstate's motion for summary judgment because there was no summary judgment evidence to support the motion. Pointing to omissions from and the illegibility of portions of the policy attached to the affidavit submitted in support of Allstate's motion, Mrs. Eshtary complains that the trial court did not have all the terms of the uninsured motorist provision before it when it ruled on the motion.

Allstate asserts that the complete policy was before the court when the motion was considered and points out that Mrs. Eshtary made no such complaint when she challenged the motion in the trial court. We also note that Allstate's motion to supplement the record to provide us with the missing pages, pursuant to TEX.R.APP.P. 55, was unopposed by Mrs. Eshtary. The motion was granted and the entire policy is now before us.

Although portions of the "Limit of Liability" for uninsured motorist coverage are difficult to read, the section is not illegible. It provides in relevant part:

> The limit of liability shown in the Declarations for "each person" for Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one auto accident. Subject to this limit for "each person", the limit of liability shown in the Declarations for "each accident" for Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury resulting from any one auto accident.

We find there is credible evidence as to the limit of liability provision in the contract between Allstate and Mrs. Eshtary.

■ Mrs. Eshtary also contends the court erred in granting summary judgment in favor of Allstate on her claims for wrongful denial of insurance coverage because Allstate failed to produce evidence on this issue. *See* TEX.INS.CODE ANN. art. 21.21–2 (Vernon 1981). Her claim for wrongful denial of coverage is prefaced on her right to recover an additional $20,000 under the terms of the policy. When the trial court established that the limit of Allstate's liability under the policy was $20,000, summary judgment on her claims for wrongful denial under article 21.21–2 was also proper. We overrule point of error two.

The judgment of the trial court is affirmed.