Affirmed in Part; Reversed and Remanded in Part; Memorandum Opinion of
January 11, 2005, Withdrawn; and Substitute Memorandum Opinion filed February
15, 2005









 

Affirmed in Part; Reversed and Remanded in Part;
Memorandum Opinion of January 11, 2005, Withdrawn; and Substitute Memorandum
Opinion filed February 15, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-01303-CV

____________

 

PAULA WELCH,
INDIVIDUALLY; AS NEXT FRIEND OF J.A.W. (A MINOR CHILD); AND AS EXECUTRIX OF THE
ESTATE OF JERRY WELCH, DECEASED, Appellant

 

V.

 

WARREN LYNN
EDDINGTON, INDIVIDUALLY; EDDINGTON & ASSOCIATES, L.L.P; JOSEPH D. JAMAIL,
INDIVIDUALLY; SPIRO GUS KOLIUS, INDIVIDUALLY; JAMAIL & KOLIUS, A
PARTNERSHIP; PHILLIPS PETROLEUM COMPANY; PHILLIPS 66 COMPANY; CONOCOPHILLIPS;
GARY S. TUCKER, INDIVIDUALLY; AND GARY S. TUCKER AND ASSOCIATES, P.C., Appellees

 



 

On Appeal from the 270th
District Court

Harris County, Texas

Trial Court Cause No. 02-62929

 



 

S U B S T I T U T E   M E M O R A N D U M   O P I N I O N








Appellant Paula Welch, individually; as
next friend of J.A.W. (a minor); and as executrix of the estate of Jerry Welch
(deceased), appeals from the trial court’s October 28, 2003, order granting
summary judgment in favor of appellees Warren Lynn Eddington (individually) and
Eddington & Associates, L.L.P. (collectively, the “Eddington defendants”);
Joseph D. Jamail (individually), Spiro Gus Kolius (individually), and Jamail
& Kolius, A Partnership (collectively, the “Jamail defendants”); Phillips Petroleum
Company, Phillips 66 Company, and ConocoPhillips (collectively, the “Phillips
defendants”); and Gary S. Tucker (individually) and Gary S. Tucker and
Associates, P.C. (collectively, the “Tucker defendants”).  This case arises from an October 1989
explosion, which resulted in non-fatal injuries to Jerry Welch (now deceased),
at a Phillips Petroleum Company plant in Pasadena, Texas.  We withdraw our opinion of January 11, 2005,
and issue this substitute opinion. 
Because all dispositive issues are clearly settled in law, we issue this
memorandum opinion.  See Tex. R. App. P. 47.4.  We affirm the trial court’s summary judgments
in favor of the Jamail and Tucker defendants, but reverse the summary judgments
on J.A.W.’s claims against the Eddington defendants and on her parental
consortium claims against the Phillips defendants.  We remand for further proceedings consistent
with this opinion.

In this appeal, Welch presents two issues
for review: (1) whether the trial court abused its discretion in sustaining
several objections made by the Jamail defendants to the summary judgment
evidence presented by Welch, and (2) whether the trial court erred in granting
summary judgment to appellees.  We
address these issues below in that order.

The Evidentiary Rulings

In her first issue, Welch argues that the
trial court abused its discretion in sustaining several objections made by the
Jamail defendants to the summary judgment evidence presented by Welch.  Although she attempts to explain the alleged
errors the trial court committed in sustaining certain evidentiary objections,
Welch fails to explain how these alleged errors probably caused the rendition
of an improper judgment and, consequently, require reversal. See
Owens-Corning Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998); Tex. R. App. P. 44.1(a).  Welch’s argument therefore fails for
inadequate briefing. See Tex. R.
App. P. 38.1(h).  Accordingly,
Welch’s first issue is overruled.








The Propriety of the Summary
Judgments

In her second issue, Welch argues that the
trial court erred in granting summary judgment to appellees.  We review de novo the trial court’s grants of
summary judgment. Provident Life and Accident Ins. Co. v. Knott, 128
S.W.3d 211, 215 (Tex. 2003).  When
reviewing a summary judgment, we take as true all evidence favorable to the
nonmovant and indulge every reasonable inference and resolve any doubts in the
nonmovant’s favor.  Id.  Under Rule 166a(c) of the Texas Rules of
Civil Procedure, a party moving for summary judgment bears the burden of
showing that no genuine issue of material fact exists and that it is entitled
to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Knott,
128 S.W.3d at 216.  When a trial court’s
order granting summary judgment does not specify the grounds therefor, a
reviewing court must affirm a grant of summary judgment if any of the grounds
are meritorious.  FM Properties
Operating Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000).  A motion for summary judgment must stand or
fall on the grounds expressly presented in the motion. McConnell v.
Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993).

The Jamail and Tucker Defendants








Welch contends that we are required to
reverse the trial court’s grants of summary judgment to both the Jamail and
Tucker defendants because the clerk’s record does not contain the motion for
summary judgment, together with supporting evidentiary exhibits, that was
presented by the Jamail defendants and adopted by the Tucker defendants.  We disagree as a matter of both law and
fact.  The burden is on the complaining
party to provide a record to the appellate court sufficient to show reversible
error.  Hiroms v. Scheffey, 76
S.W.3d 486, 489 (Tex.
App.—Houston [14th Dist.] 2002, no pet.). 
Moreover, while Welch may have been correct in her assertion that the
materials identified above were not present at the time she filed her brief
with this court, the record now contains such materials for this court’s
review; in fact, they were included in a supplemental clerk’s record and
referenced in appellees’ briefs.  Because
Welch failed to present any further objection to the trial court’s grant of summary
judgment as to both the Jamail and Tucker defendants, we find that summary
judgment was appropriately granted for those defendants.

Accordingly, Welch’s second issue is
overruled as to both the Jamail and Tucker defendants.

The Phillips Defendants

Welch first contends that the trial court
erred in granting summary judgment to the Phillips defendants because there
exists an issue of material fact concerning whether J.A.W.’s claims for loss of
parental consortium were settled prior to the date announced in Reagan v.
Vaughn, 804 S.W.2d 463 (Tex. 1990). 
In Reagan, the Supreme Court of Texas recognized a cause of
action for loss of parental consortium but limited its availability to only
those actions

arising on or after December 19,
1990; causes of action for loss of parental consortium pending in the courts on
December 19, 1990; and causes of action derived from a parent’s claim so
long as the parent’s claim had not been extinguished by settlement, final
judgment on appeal, or expiration of the statute of limitations on December
19, 1990.

 

Id. at 468 (emphasis added).  In their motion for summary judgment, the
Phillips defendants argued that J.A.W.’s father, Jerry Welch, settled his
claims on or before December 19, 1990.

In order to create an enforceable
settlement agreement relating to a pending cause of action, parties must either
file a signed writing with the court or enter an oral agreement on the
record.  Tex. R. Civ. P. 11; Padilla v. LaFrance, 907 S.W.2d
454, 461-62 (Tex. 1995); Kennedy v. Hyde, 682 S.W.2d 525, 530 (Tex.
1984); Neasbitt v. Warren, 105 S.W.3d 113, 116-17 (Tex. App.—Fort
Worth 2003, no pet.); Rendon v. Avance, 67 S.W.3d 303, 318 (Tex.
App.—Fort Worth 2001, pet. granted, remanded w.r.m.).








The Phillips defendants first assert that
letters exchanged between plaintiff and defense counsel on December 19, 1990,
constituted a settlement agreement.  They
then rely on Padilla for the proposition that this agreement constituted
an enforceable Rule 11 agreement. 
However, in Padilla, the court clearly held that documents passed
between counsel in that case constituted a valid Rule 11 agreement because
they were filed with the court.  907
S.W.2d at 459-61.  Here, there has been
no showing that the letters between counsel were ever filed with the
trial court; thus, they cannot have constituted an enforceable Rule 11
agreement.[1]

The Phillips defendants next point to a
motion filed with the trial court in the earlier lawsuit on December 17, 1990,
wherein they informed the court that the parties had an “agreement to settle.”[2]  This motion also indicated that the parties
had already advised the court of the agreement to settle, but the Phillips
defendants cite to no evidence that any written agreement was ever entered into
the record or that an oral agreement was read into the record.  The purpose of the Rule 11 requirement that the
agreement be in a writing filed with the court is to avoid disputes regarding
the terms of the agreement.  Padilla,
907 S.W.2d at 461.  Therefore, merely
informing the court of a settlement agreement is not sufficient because it
contains no terms.  See id. at
459-61.

The record also contains a Harris County
Chronological Case History Report that indicates on November 14, 1990, a
settlement was announced in Bogle v. Phillips Petroleum Co., No.
198946055 (151st Dist. Ct., Harris County, Tex.).  However, this, too, is no evidence that a
Rule 11 agreement settling Jerry Welch’s claims against the Phillips defendants
was read into the record.[3]








 The
Phillips defendants have failed to meet their burden of conclusively showing
that J.A.W.’s claims for loss of parental consortium were “extinguished by
settlement” on or before December 19, 1990. 
See Reagan, 804 S.W.2d at 468. 
Accordingly, the trial court’s grant of summary judgment against the
consortium claim must be reversed on this ground.

Welch next contends that the trial court
erred in granting summary judgment based on a lack of standing on J.A.W.’s tort
and contract claims related to the settlement agreement signed by Jerry
Welch.  Specifically, Welch states that
the Phillips defendants were incorrect when they claimed the settlement
agreement did not mention J.A.W., because the agreement mentions Jerry’s
“heirs.”  We need not decide whether this
reference confers standing because her argument fails for another reason.  When a movant raises more than one ground
against a cause of action and the trial court does not state its reasons for
granting summary judgment, the opposing party must negate all grounds on appeal
or else the appellate court must affirm. 
Strather v. Dolgencorp of Tex., Inc., 96 S.W.3d 420, 425-26 (Tex.
App.—Texarkana 2002, no pet.); Lewis v. Adams, 979 S.W.2d 831, 833 (Tex.
App.—Houston [14th Dist.] 1998, no pet.). 
Here, the Phillips defendants also asserted that J.A.W. lacked standing
in that she was not a party to the settlement agreement and was not a third
party beneficiary because the parties did not enter into the agreement for her
benefit.  On appeal, Welch offers no
responsive argument to these assertions. 
Accordingly, we must affirm the grant of summary judgment against these
claims.








Welch next contends that the trial court
erred in granting summary judgment to the Phillips defendants because the
latter’s motion for summary judgment addressed only the claims set forth in
Welch’s superceded Second Amended Original Petition; consequently, Welch
asserts, the Phillips defendants failed to discharge their burden on summary
judgment by addressing Welch’s claim for negligent infliction of emotional
distress,[4]
which was raised for the first time in Welch’s Third Amended Original Petition.[5]  We disagree. 
Texas law does not recognize an independent cause of action for
negligent infliction of emotional distress.  Boyles v. Kerr, 855 S.W.2d 593, 594 (Tex.
1993).  A claimant may recover damages
for such mental anguish only in connection with a defendant’s breach of some
other legal duty.  Id.  Therefore, the Phillips defendants’ failure
to separately address Welch’s claims for negligent infliction of emotional
distress does not require reversal.  See Espeche v. Ritzell, 123 S.W.3d 657, 664 (Tex. App.—Houston [14th Dist.] 2003,
pet. denied) (“If a motion for summary judgment is sufficiently broad to
encompass later-filed claims, the movant need not amend his motion.”).[6]








Finally, Welch contends that the trial
court erred in granting summary judgment because her remaining causes of action
against the Phillips defendants are not barred by the statute of limitations.[7]  We disagree. 
Welch cites authorities relating to the discovery rule, which she
asserts applies to all of her claims in this case.  The discovery rule exception to the statute
of limitations defers the accrual of a cause of action until the plaintiff knew
or, in the exercise of reasonable diligence, should have known of the facts
giving rise to such a claim. Computer Assocs. Int’l, Inc. v. Altai, Inc.,
918 S.W.2d 453, 455 (Tex. 1996).  Even
assuming that the discovery rule exception applies in the present case, Welch
has failed to explain why it would defeat the limitations bar; she neither
identifies the date(s) on which she learned of the relevant facts giving rise
to her claims nor states how the applicable statute of limitations had not run
by the time this suit was commenced. 
Therefore, we find that Welch has waived this contention due to
inadequate briefing.  See Tex. R. App. P. 38.1(h).

Accordingly, Welch’s second issue as to
the trial court’s grant of summary judgment on the parental consortium claims
in favor of the Phillips defendants is sustained.

The Eddington Defendants

In their motion for summary judgment, the
Eddington defendants argued that the applicable statutes of limitations barred
all of Welch’s claims brought in her individual capacity and as executor of her
husband’s estate.  On appeal, Welch
contends that her individual and executor causes of action are not barred by
the statute of limitations.  We disagree with
Welch’s contention for the reasons stated above in connection with her claims
against the Phillips defendants.








Regarding Welch’s claims brought on behalf
of her minor daughter, J.A.W., the Eddington defendants argued that (1) J.A.W.
has no claim for parental consortium because her father settled his claims prior
to the effective date in Reagan, (2) they had no duty to Welch or J.A.W.
because there was no attorney-client relationship between them, and (3) J.A.W.
suffered no harm because limitations has not run on any viable claims she may
have against the Phillips defendants.  In
response to the first argument concerning the consortium claim, Welch contends
that the trial court erred in granting summary judgment to the Eddington
defendants because there exists an issue of material fact concerning whether
J.A.W.’s claims for loss of parental consortium were settled prior to the date
announced in Reagan, 804 S.W.2d 463. 
We agree.  The Eddington
defendants suggest that a settlement was reached prior to the relevant date,
but, as discussed above in relation to the Phillips defendants, they do not
cite any proof that a signed writing was filed with the trial court evidencing
the agreement or that the agreement was entered on the record in open
court.  See Tex. R. Civ. P. 11; Padilla, 907
S.W.2d at 461-62; Kennedy, 682 S.W.2d at 530; Neasbitt, 105
S.W.3d at; Rendon, 67 S.W.3d at 318. 
Accordingly, we find that a genuine issue of material fact exists as to
whether J.A.W.’s claims for loss of parental consortium were “extinguished by
settlement,”on or before December 19, 1990. 
See Reagan, 804 S.W.2d at 468. 

Next, the Eddington defendants argued that
J.A.W. has no claim against them because there was no attorney-client
relationship between them.  See Vinson
& Elkins v. Moran, 946 S.W.2d 381, 401 (Tex. App.­—Houston [14th Dist.]
1997, writ dism’d) (discussing privity requirement in suits against
attorneys).  They point primarily to the
deposition testimony of Warren Eddington in which he stated that he didn’t
think he sued on behalf of any of the wives or children of victims in the
Phillips cases, unless the victim died or was rendered quadriplegic or
paraplegic.  While summary judgment may
be based on testimony from an interested witness, that testimony must be
uncontroverted, clear, positive, direct, free from contradiction and
inconsistency, and readily capable of being controverted.  Eddington’s testimony is not conclusive on
the question of representation for several reasons.  First, Eddington says only that he doesn’t
think that he filed suit on behalf of wives and children.  This falls short of being clear, positive,
and direct testimony.  Second, at no
point does he say he didn’t represent wives and children; he only says
that he doesn’t think he filed suit on their behalf.  Indeed, Welch’s basic claim against the Eddington
defendants is that they represented Welch and her daughter but failed to
prosecute their causes of action.  Third,
Eddington’s statements do not refute the possibility that another attorney
associated with the Eddington defendants represented J.A.W.  Thus, this testimony was not sufficient to
sustain summary judgment against J.A.W.’s parental consortium claim.[8]








The Eddington defendants next argued that
they conclusively proved that Welch (and J.A.W.) never had an attorney-client
relationship with them because:  (1)
Warren Eddington testified that he referred all of the Phillips cases he had to
Jamail & Kolius and (2) Welch testified that she was never represented by
Jamail & Koilus.  This argument
ignores two possibilities.  First, Welch
and J.A.W. could have been represented by someone else associated with the
Eddington defendants.  Second, even if
Eddington had referred all of the cases to Jamail & Kolius, this does not
necessarily mean that Jamail & Kolius agreed to represent or did represent
all of the plaintiffs in these cases.  In
other words, the claims of the mother and daughter may simply have fallen
through the cracks.  Welch pled and
testified that she was represented by the Eddington defendants, but she did not
plead or testify that she was represented by Jamail & Kolius.  Eddington’s testimony regarding his referral
of cases to Jamail & Kolius does not conclusively prove that there was no
attorney-client agreement between Welch and the Eddington defendants.[9]








Lastly, the Eddington defendants suggested
that J.A.W. cannot prove any damages based on the following argument:  her claims are not barred by limitations
because she can sue until her 20th birthday on February 12, 2006.  See Tex.
Civ. Prac. & Rem. Code Ann. § 16.001 (Vernon 2002).  To begin with, this argument assumes that
J.A.W.’s only claim against the Eddington defendants is that they let her
claims against the Phillips defendants be extinguished by limitations.  This is not the case; the petition alleges
various causes of action related to the improper prosecution and settlement of
the claims, as well as for the failure to file suit or apprise her of any
deadlines.[10]  Additionally, to the extent this argument
raises a no-evidence issue (i.e., that J.A.W. cannot produce any
evidence of damages), the Eddington defendants did not file a no-evidence
motion for summary judgment.[11]

Accordingly, Welch’s second issue as to
the trial court’s grant of summary judgment in favor of the Eddington defendants
is sustained as to the claims on behalf of J.A.W.

Conclusion

The judgments of the trial court in favor
of the Jamail and Tucker defendants are affirmed.  The judgment of the trial court concerning
the claims on behalf of J.A.W. against the Eddington defendants and for
parental consortium against the Phillips defendants are reversed and remanded
for further proceedings consistent with this opinion.  The remainder of the judgments favoring the
Eddington and Phillips defendants are affirmed.

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Substitute Memorandum Opinion filed February 15, 2005.

Panel
consists of Chief Justice Hedges and Justices Fowler and Seymore.











[1]  Courts of
appeals, including the Fourteenth, have held that in certain situations
principles of equity may permit a trial court to enforce a settlement agreement
that is not in technical compliance with Rule 11.  See, e.g., Cantu v. Moore, 90 S.W.3d
821, 825 (Tex. App.—San Antonio 2002, pet. denied); Massey v. Galvan,
822 S.W.2d 309, 318 (Tex. App.—Houston [14th Dist.] 1992, writ denied).  The Phillips defendants do not argue, and we
do not find, that such equitable principles apply to the current situation.





[2]  The motion
itself was simply a request to withdraw from the plaintiff’s committee in the
multiparty litigation.





[3]  Welch cites to
additional summary judgment proof that she contends proves Jerry did not settle
his claims until December 20, 1990.  That
proof includes (1) a document entitled, “Confidential Settlement Release and
Indemnity Agreement,” which purports to fully settle any claims Jerry Welch, as
well as any of his heirs, assigns, executors, etc., may have had against the
Phillips defendants arising from the October 1989 explosion, and which was
executed on December 20, 1990; and (2) a December 13, 1990, letter that Jerry
received from the Eddington defendants and that notified him that his case was
“scheduled to be closed on Thursday, December 20, 1990.”





[4]  We note that
the cases cited by Welch, McGovern v. Williams, 741 S.W.2d 373 (Tex.
1987), and Moore v. Lillebo, 722 S.W.2d 683 (Tex. 1986), do not stand
for the proposition that negligent infliction of emotional distress constitutes
an independent cause of action; rather, those cases concern whether a claim for
mental anguish damages properly constitutes a component of the plaintiff’s
recovery based on claims such as loss of consortium and wrongful death,
respectively.  We therefore interpret the
claim for negligent infliction of emotional distress in Welch’s Third Amended
Original Petition not as an assertion of an independent cause of action, but as
an additional claim for damages under her cause of action for negligence.





[5]  Welch’s Second
Amended Original Petition was filed April 23, 2003.  The Phillips defendants filed their Motion
for Summary Judgment in response to that petition on July 8, 2003.  Welch filed her Third Amended Original
Petition, which contained no material changes save for the addition of a claim
for negligent infliction of emotional distress, on July 26, 2003.  The Phillips defendants have thus met Welch’s
case as pleaded. See SmithKline Beecham Corp. v. Doe, 903 S.W.2d 347,
355 (Tex. 1995).





[6]  We likewise
reject Welch’s argument that Phillips’ motion for summary judgment is legally
insufficient merely because it was made in response to the superceded Second
Amended Original Petition.  See Espeche, 123 S.W.3d at 664.





[7]  The Phillips
defendants concede that the statute of limitations does not bar J.A.W.’s claims
for loss of parental consortium because those claims do not expire until she
reaches her twentieth birthday on February 12, 2006.  See Weiner v. Wasson, 900 S.W.2d 316, 321
(Tex. 1995).





[8]  It is
uncontested that the Eddington defendants represented Jerry Welch.  In her deposition, Paula Welch testified that
Warren Eddington himself told her that he was also representing her and her
child.  Further, Welch alleged that a
member of Eddington’s staff told her that the firm would take care of her and
her daughter.  Thus, even if Eddington’s
testimony was sufficient to show the lack of an attorney-client relationship;
Welch’s summary judgment evidence controverted that testimony.  See Parker v. Carnahan, 772 S.W.2d
151, 156 (Tex. App.—Texarkana 1989, writ denied).





[9]  In their
appellate brief, the Eddington defendants repeatedly suggest that Welch has
failed to present any evidence of the existence of an attorney-client
relationship.  However, the Eddington
defendants filed only a traditional motion for summary judgment in the trial
court; thus, Welch did not need to produce evidence of such a relationship
unless the Eddington defendants proved that no such relationship existed.  See infra n.9. 





[10]  Granted,
Plaintiff’s Third Amended Original Petition is something of a confusing
document; however, in the absence of special exceptions, we construe a petition
liberally in favor of the pleader.  Prudential
Ins. Co. of Am. v. Fin. Review Servs., Inc., 29 S.W.3d 74, 81 (Tex.
2000).  Although there is a suggestion in
the record that the Eddington defendants filed special exceptions to
Plaintiff’s Original Petition, the document itself does not appear in the
record, and there is no indication that special exceptions were filed against
any of the subsequent, amended petitions.





[11]  In Binur v.
Jacobo, the Texas Supreme Court held that, when a party moves for summary
judgment under both Texas Rules of Civil Procedure 166a(b) (traditional
grounds) and 166a(i) (no-evidence grounds), the party need not file two
separate motions or even supply clear headings to differentiate between the two
types of grounds so long as the motion clearly sets forth its grounds.  135 S.W.3d 646, 651 (Tex. 2004).  The Eddington defendants, however, expressly
moved only under the rules governing traditional motions.  Thus, Welch was not required to present any
evidence in order to defeat the motion.  See
Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995).