Hillsborough, }
June 2, 1936. }

AMERICAN MOTORISTS INSURANCE CO.
*v.*
JOHN KOPKA, SR. & a.

*Devine & Tobin (Mr. Tobin* orally), for the plaintiff.

*Thomas J. Leonard* and *Neil Tolman (Mr. Leonard* orally), for the defendants.

BRANCH, J.  Although the question transferred by the superior court is stated in restricted form and has specific reference only to the meaning of the term "bodily injuries," the apparent intent was to transfer the question whether the claim of the defendant John Kopka, Sr. comes within the coverage of the policy.  The case has been argued and considered upon the assumption that this was its true intent and purpose.  The answer hardly admits of doubt.

If John Kopka, Jr. had been of age and had himself incurred the expenses which constitute the basis of his father's suit, his right to claim reimbursement therefor in his suit against the defendant Moulton would have been unquestioned.  The expense of hospital and medical treatment would have been regarded as a necessary incident of his bodily injuries.  The fact that payment for such treatment was made or assumed by his father did not change its character as a necessary concomitant of the bodily injuries suffered by the son. It therefore seems plain to us that by the verdict of the jury, the defendant Moulton became "obligated to pay" the amount of that verdict "by reason of the liability imposed upon him by law for damages . . . on account of bodily injuries . . . accidently suffered" by John Kopka, Jr., "as a result of the use . . . of the automobile described" in the policy.

The plaintiff relies upon the case of *Williams* v. *Nelson,* 228 Mass. 191, 196 in support of its position.  In that case it was held that the

compulsory insurance act of Massachusetts requiring insurance against liability to pay damages to others for bodily injuries did not "include damage to the financial resources of the husband arising from a bodily injury to his wife." This decision, as construed in the later case of *Cormier* v. *Hudson*, 284 Mass. 231, lends no support to the plaintiff's argument. On the contrary, in the *Cormier* case, upon a state of facts completely analogous to that here presented and under a policy containing language identical with that here involved, the insurer was held liable for medical expenses and loss of services resulting to the parents of minor children directly injured by the negligence of the defendant.

The conclusion which we have reached is also sustained by recent decisions in other jurisdictions. *Franklin* v. *Casualty Co.*, 225 Ala. 58; *Antichi* v. *Indemnity Co.* 126 Cal. App. 284; *Kula* v. *Insurance Co.*, 8 N. J. Misc. 929.

*Judgment for the defendants.*

All concurred.