Rockingham,
April 4, 1939. } No. 3034.

LUMBERMENS' MUTUAL CASUALTY COMPANY

*v.*

KAREKIN YEROYAN & a.

*Devine & Tobin* (by brief), for the plaintiff.

*William H. Sleeper* and *Frederick J. Grady*, for the defendants, furnished no brief.

MARBLE, J. The obligation of the plaintiff as stated in the body of the policy is, so far as here material, to pay all sums which the assured shall become obligated to pay by reason of the liability imposed upon him by law for damages accidentally suffered by any person on account of bodily injuries, "including loss of services in consequence of such injuries." The obligation prescribed by Laws 1927, *c.* 54, is substantially identical with this policy-provision, since the preposition "for" in the phrase "liability to pay damages to others for damage to property ... and/or bodily injuries" (Laws 1927, *c.* 54, *s.* 1, *cl.* II) is synonymous with the phrase "on account of." See *Cormier* v. *Hudson*, 284 Mass. 231, 235; 2 Words & Phrases (4th series), 92.

While the deprivation of those marital rights comprehensively termed *consortium* (see *Guevin* v. *Railway*, 78 N. H. 289) is not a bodily injury to the husband in the sense in which those words are used in the policy, yet if the husband suffers such deprivation as the result of the bodily injuries sustained by his wife, his loss is within the stipulated coverage. *American &c. Ins. Co.* v. *Kopka*, 88 N. H. 182. Since, however, his injury is a consequential one, coverage does not extend beyond the limit fixed for the payment of damages for the bodily injury out of which his loss arises. *Putnam* v. *Assurance Corporation, ante,* 74.

The husband did not bring his action until nearly a year after the plaintiff had made its payment on account of the wife's judgment against the insured. The act of 1927, operative at the time of the accident, provides that "Upon the recovery of a final judgment against any person for any loss or damage specified in this section, if the judgment debtor was, at the accrual of the cause of action, insured against liability therefor under a motor vehicle liability policy, the judgment creditor shall be entitled to have the insurance money applied to the satisfaction of the judgment." Laws 1927, *c*. 54, *s*. 6, *cl*. I.

It is unnecessary at this time to determine the exact limits of the rule applicable to the preferential settlement of multiple claims. See 49 Harv. Law Rev., 658; 43 Yale Law Journal, 136. The statute does not provide for ratable payment, and the wife, having reduced her claim to judgment, was entitled, on the facts stated, to have the insurance fund applied to the satisfaction of her judgment even though the fund was exhausted thereby. *O'Donnell* v. *Casualty Co.*, 50 R. I. 275, 276. See, also, *Bartlett* v. *Insurance Co.*, 117 Conn. 147; *Bruyette* v. *Sandini*, 291 Mass. 373; *Turk* v. *Goldberg*, 91 N. J. Eq. 283.

The plaintiff, having satisfied the judgment in the wife's favor to the extent of the policy limit ("five thousand dollars on account of injuries to . . . any one person," Laws 1927, *c*. 54, *s*. 1, *cl*. II) has discharged its full obligation under the policy. The question of its liability for negligence in failing to settle the suit and claim is determinable in the action at law. *Douglas* v. *Company*, 81 N. H. 371; *Cavanaugh* v. *Corporation*, 79 N. H. 186. The Presiding Justice correctly ruled that that question did not concern the issue raised by the petition.

*Judgment for the plaintiff.*

All concurred.