Belknap
No. 6806

### AMERICAN ASBESTOS TEXTILE CORPORATION

v.

### AMERICAN MUTUAL LIABILITY INSURANCE COMPANY & a.

December 31, 1974

*Upton, Sanders & Smith (Mr. Frederic K. Upton* orally) for plaintiff.

*Wadleigh, Starr, Peters, Dunn & Kohls (Mr. Theodore Wadleigh* orally) for defendant American Mutual Liability Insurance Company.

*Sulloway, Hollis, Godfrey & Soden (Mr. Michael M. Lonergan*
orally) for defendant Aetna Casualty and Surety Company.

LAMPRON, J. Petition for declaratory judgment brought
by Asbestos against its insurers American and Aetna to
determine whether either or both are required to defend
and indemnify it in an action brought by Murray W. Ryder
for loss of consortium resulting from an injury to his wife
Lidia in the course of her employment by Asbestos. The
matter was submitted on an agreed statement of facts to
a Master *(Leonard C. Hardwick,* Esq.) who ruled that both
insurers were obligated to defend the action and satisfy any
judgment within the limits of their respective policies. The
master's report was approved by *Keller,* C.J., who reserved
and transferred the exceptions of both insurers thereto.

Lidia Ryder was injured on December 14, 1965, in the
course of her employment by Asbestos and received from
American workmen's compensation benefits under RSA ch.
281. Thereafter her husband brought an action at law against
Asbestos with an ad damnum of $50,000 for his loss of consor-
tium alleging that the injuries to his wife resulted from Asbes-
tos' negligent failure to properly supervise her work. His
right of action for loss of consortium is a separate and distinct
right from that of his wife to recover for her injury. *Guevin
v. Railway,* 78 N.H. 289, 99 A. 298 (1916); *LaBonte v. National
Gypsum Co.,* 110 N.H. 314, 319, 269 A.2d 634, 638 (1970);
*see* RSA 507:8-a. Asbestos' liability to the wife arises under
the statutory provisions of the Workmen's Compensation Law
(RSA ch. 281) while its liability to the husband is based on
the common law of negligence. *Archie v. Hampton,* 112 N.H.
N.H. 13, 287 A.2d 622 (1972).

Under its "Workmen's Compensation And Employers' Lia-
bility Policy", American agreed under "Coverage A — Work-
men's Compensation:" "To pay promptly when due all com-
pensation and other benefits required of the insured by the
workmen's compensation law." Under "Coverage B —
Employer's Liability", American agreed: "To pay on behalf
of the insured all sums which the insured shall become legally
obligated to pay as damages because of bodily injury by acci-

dent or disease, including death at anytime resulting therefrom, sustained . . . by any employee of the insured arising out of and in the course of his employment by the insured." In essence, under "Coverage A" the insurer agrees to assume the liabilities imposed by statute on the insured by the Workmen's Compensation Law. "Coverage B" protects the insured against liability imposed by common law on account of injury to its employees in the course of their employment. *Parfait v. Jahncke Service, Inc.,* 484 F.2d 296, 307 (5th Cir. 1973); *Danek v. Hommer,* 28 N.J. Super. 68, 71, 100 A.2d 198, 199 (1953), *aff'd,* 15 N.J. 573, 105 A.2d 677 (1954); 7A J. Appleman, Insurance Law and Practice § 4571 (1962); F.C.&S. Bulletins, W.C. B-1 (Oct. 1954). American's limit of liability under "Coverage B" is $25,000.

American maintains that the coverage provided by its policy is for injuries sustained by the employee personally and not for damages which are caused to a third person as a result of an injury to the employee. We disagree. Damages which may be assessed against Abestos for the husband's action at law for loss of consortium would constitute damages under "Coverage B" which "include damages for care and loss of services and damages for which the insured is liable by reason of suits . . . brought by others to recover . . . damages . . . because of such bodily injury sustained by employees . . . ." Condition 9 — Limits of Liability. *Lumbermen's Mutual Casualty Co. v. Yeroyan,* 90 N.H. 145, 5 A.2d 726 (1939); *Danek v. Hommer,* 28 N.J. Super. 68, 74, 100 A.2d 198, 201 (1953), *aff'd,* 15 N.J. 573, 105 A.2d 677 (1954); 12 G. Couch, Insurance § 44:420 (2d ed. 1964); 12 *id.* § 45:795; 1 R. Long, Law of Liability Insurance § 4.25, at 4-52 (1973); 7A J. Appleman, Insurance Law and Practice § 4571 (1962); *see American &c. Insurance Co. v. Kopka,* 88 N.H. 182, 186 A. 335 (1936); Annot., 105 A.L.R. 1204, 1205 (1936). The master properly found and ruled that American is bound to defend Asbestos in the present action and to satisfy within the limits of its policy any judgment which may be returned against it.

Aetna insured Asbestos under a "Comprehensive Liability Policy". Under its "Coverage C. — Bodily Injury Liability — Except Automobile", Aetna agreed: "To pay on behalf

of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person and caused by accident." The limits of this coverage are $100,000 for each person and $300,000 for each accident. Condition 4 of the policy provides that under "Coverage C" the coverage applicable to each person is the limit of liability "for all damages, including damages for care and loss of services, arising out of bodily injury . . . sustained by one person as the result of any one accident". This language has been construed to include actions for loss of consortium. *Lumbermen's Mutual Casualty Co. v. Yeroyan,* 90 N.H. 145, 5 A.2d 726 (1939); Annot., 105 A.L.R. 1204, 1205 (1936). Aetna does not seriously contend otherwise.

Aetna's main contention is that coverage for loss of consortium is precluded by exclusion (f) of its policy which provides that "except with respect to liability assumed by the Insured under a contract" the policy does not apply under Coverage C "to bodily injury to . . . any employee of the Insured arising out of and in the course of his employment by the Insured." In order to exempt loss of consortium from the insuring clause of Coverage C, it was incumbent on Aetna to do so in terms which would effectively convey this exclusion to a reasonable person in the position of the insured. *Aetna Insurance Co. v. State Motors,* 109 N.H. 120, 125, 244 A.2d 64, 67 (1968); *Sun Insurance Co. v. Hamanne,* 113 N.H. 319, 321, 306 A.2d 786, 788 (1973).

The exclusion by its expressed terms precludes liability for physical injury to an employee of the insured arising out of their master and servant relationship. *American Insurance Co. v. Nationwide Insurance Co.,* 110 N.H. 192, 195, 270 A.2d 907, 910 (1970); Annot., 34 A.L.R.3d 1397, 1400 (1970). It cannot be said that this language should have conveyed to the insured that an action by the employee's husband for loss of consortium was excluded from "Coverage C" under which Aetna obligated itself to pay damages for bodily injury "sustained by any person and caused by accident" which covered "all damages including damages for care and loss of services." Condition 4, Limits of Liability. *Lumbermen's Mutual Casualty Co. v. Yeroyan,* 90 N.H. 145, 5 A.2d 726 (1939);

810

12 G. Couch, Insurance § 45.795 (2d ed. 1964); Annot., 13 A.L.R.3d 1228, 1234 (1967). The master properly ruled that under the terms of its policy Aetna was bound to defend Asbestos in this action for loss of consortium and to satisfy any judgment within the limits of its policy.

*Judgment for plaintiff.*

All concurred.