Grafton
No. 81-328

PRIDE BEAN

v.

JONATHAN MILLER

LUVIA BEAN

v.

JONATHAN MILLER

MERCHANTS MUTUAL INSURANCE CO.

v.

LUVIA BEAN *& a.*

July 14, 1982

*Craig, Wenners, Craig & McDowell,* of Manchester (*Vincent A. Wenners, Jr.,* on the brief), by brief for Pride and Luvia Bean.

*Hinkley & Donovan,* of Lancaster (*Walter D. Hinkley* on the brief), by brief for Merchants Mutual Insurance Co.

KING, C.J. The Trial Court (*Johnson,* J.) transferred the following questions to this court: whether the defendant Merchants Mutual Insurance Company (Merchants) is liable for the plaintiff Pride Bean's attorney's fees; and, whether it is required to provide coverage for the defendant Jonathan Miller in the plaintiff Luvia Bean's action for loss of consortium due to her husband Pride Bean's injury.

As a result of an injury received at his place of employment, the plaintiff Pride Bean brought an action against a co-employee, the defendant Jonathan Miller. Additionally, Mr. Bean's wife, Luvia, also brought an action against Miller for the loss of consortium caused by her husband's injury. The defendant Merchants, the workers' compensation carrier for Pride Bean's employer, paid benefits to Mr. Bean. Additionally, this court decided in *Merchants Mutual Insurance Company v. Bean and Miller,* 119 N.H. 561, 565, 406 A.2d 457, 459 (1979), that Merchants was required to provide coverage for Miller up to the minimum limits of the Financial Responsibility Act, RSA 268:16 III (1977) (now codified at RSA 264:18 III). Therefore, Merchants is liable up to the limits of coverage in the insurance policy which the parties agree are $15,000 per bodily injury and a maximum of $30,000 per accident.

In the action by Pride Bean against Jonathan Miller, Merchants paid $15,000 to Mr. Bean. Merchants, however, has a lien against the settlement pursuant to RSA 281:14 I (Supp. 1981) as a result of its payment of workmen's compensation benefits to Mr. Bean. There is no disagreement that Merchants is entitled to the $15,000 settlement. Mr. Bean, however, claims that his attorney's fees of $5,067.43, which the parties agree are reasonable, should reduce the amount of Merchant's lien.

Mrs. Bean's action for loss of consortium is still pending. She claims that Merchants is liable up to $15,000 for her action. Merchants, however, argues that because her injury is not a "bodily injury," it is not liable. Merchants brought an action for declaratory judgment to resolve these issues, and the trial court transferred to this court the questions mentioned above.

RSA 281:14 I (Supp. 1981) states that whenever an employee recovers damages from a third party, the employer's insurance carrier "shall have a lien on the amount of damages recovered by the employee, *less the expenses and costs of action* to the extent of compensation . . . already paid . . . by . . . the employer's insurance carrier. . . ." (Emphasis added.) The plaintiff argues that the statute requires that Merchants' lien be reduced by the total amount of attorneys' fees incurred by him in the action against Miller. We disagree.

In this case Merchants was the insurance carrier for both the employer and Miller, the third party. The rationale that we believe underlies the statute requiring the payment of attorneys' fees by the insurance carrier, that the costs spent by an employee to recover damages from a third party ultimately inure to the benefit of the employer's insurance carrier, is not applicable to this case. If Merchants were required to bear the full cost of attorneys' fees, it would be paying for litigation against itself.

On the other hand, we cannot agree with Merchants that the plaintiff should bear the full cost of the third-party lawsuit. The statute expresses an intent that the employer's insurance carrier pay at least a pro rata share of these expenses. RSA 281:14 IV. Because the statute states that "the superior court . . . shall order such division of expenses and costs of action, including attorneys' fees, between . . . the employer's insurance carrier, and employee as justice may require," we remand to the superior court for an apportionment of the plaintiff's attorneys' fees between the plaintiff and Merchants.

The second question raised in this appeal is whether Merchants is required to provide an additional per person coverage limit to Luvia

Bean in her loss of consortium action. We hold that it is not.

RSA 507:8-a creates a separate cause of action for a spouse's loss of consortium. *LaBonte v. Nat'l Gypsum Co.*, 110 N.H. 314, 318–19, 269 A.2d 634, 637–38 (1970); *see Reid v. Spadone Mach. Co.*, 119 N.H. 198, 199, 400 A.2d 54, 54–55 (1979); *O'Keefe v. Associated Grocers*, 117 N.H. 132, 133, 370 A.2d 261, 262 (1977); *see also Kingsbury v. Smith*, 122 N.H. 237, 243, 442 A.2d 1003, 1006 (1982).

■■ Merchants argues, however, that even if Mrs. Bean has a separate cause of action, she has not suffered "bodily injury" within the meaning of the insurance coverage. We agree. This court has not defined loss of consortium as "bodily injury." *Lumberman's &c. Co. v. Yeroyan*, 90 N.H. 145, 146, 5 A.2d 726, 727 (1939); *see American Asbestos Textile Corp. v. American Mut. Liab. Ins. Co.*, 114 N.H. 806, 809–10, 330 A.2d 451, 454 (1974). Because Merchants' insurance policy provides coverage only for bodily injury, Mrs. Bean's loss of consortium action does not entitle her to an additional $15,000. Rather, Merchants' liability for both Mr. and Mrs. Bean's injuries was satisfied by its initial $15,000 payment.

*Remanded.*

BATCHELDER, J., did not sit; the others concurred.