Hillsborough-southern judicial district
No. 2005-581

STEPHEN F. GUILFOY & a.

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION

Argued: March 9, 2006
Opinion Issued: April 27, 2006

*Nadeau Law Offices, P.L.L.C.*, of Portsmouth (*J.P. Nadeau* on the brief and orally), for the petitioners.

*Wiggin & Nourie, P.A.*, of Manchester (*Doreen F. Connor* on the brief and orally), for the respondent.

GALWAY, J. The petitioners, Stephen and Eileen Guilfoy, appeal an order of the Superior Court (*Groff*, J.) granting summary judgment to the respondent, United Services Automobile Association, regarding the petitioners' claims for damages for loss of familial relationship. We affirm.

The record supports the following undisputed facts. On July 23, 2003, the petitioners' minor son and only child was killed while riding as a passenger in a vehicle driven by a friend. At the time of the accident, the friend was insured under an automobile liability policy (Policy) issued by the respondent, which provided liability coverage in the amount of $300,000 per accident, subject to a $100,000 per person limitation.

The Policy provides coverage for "**BI** [bodily injury] or **PD** [property damage] for which any **covered person** becomes legally responsible

because of an auto accident." It defines bodily injury as "bodily harm, sickness, or disease, or death," and also provides, in pertinent part, that "[f]or **BI** sustained by any one person in any one accident, our maximum limit of liability for all resulting damages, including, but not limited to, all direct, derivative or consequential damages recoverable by any persons, is the limit of liability shown in the Declarations for 'each person' for **BI** Liability."

The petitioners brought a wrongful death claim on behalf of their minor son's estate for which the respondent paid $100,000—the per person policy limit for bodily injury. They also sought statutory damages in their individual capacities for loss of familial relationship under RSA 556:12, III (Supp. 2005). When the respondent denied coverage for the petitioners' individual claims, they brought a declaratory judgment action to determine whether their statutory claims for loss of familial relationship were covered under the Policy. The parties then filed cross-motions for summary judgment. The superior court granted the respondent's motion for summary judgment, ruling that "'loss of familial relationship' does not constitute a separate 'bodily injury' which would trigger an additional limit of insurance coverage under the Policy." This appeal followed.

On appeal, the petitioners assert that their individual claims for loss of familial relationship trigger a separate per person liability limit under the Policy. In support, they argue that: (1) they have separate statutory rights, under RSA 556:12, III, to file individual claims for loss of familial relationship; (2) they suffered bodily harm and bodily sickness as a result of learning of their son's death; and (3) the policy expressly provides coverage for "derivative or consequential damages recoverable by any person," which encompasses the petitioners' individual claims for loss of familial relationship.

In reviewing the trial court's grant of summary judgment, we consider the affidavits and other evidence, and all inferences properly drawn from them, in the light most favorable to the non-moving party. *Banfield v. Allstate Ins. Co.*, 152 N.H. 491, 493 (2005). If there is no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, the grant of summary judgment is proper. *Id.* We review the trial court's application of the law to the facts *de novo. Id.*

The petitioners' damages claim is based upon New Hampshire's wrongful death statute, RSA 556:12 (Supp. 2005). In 1998, the legislature expanded the wrongful death statute by enacting RSA 556:12, III, which provides, in pertinent part:

> In addition, where the decedent is a parent of a minor child or children, the trier of fact may award damages to such child or

children for the loss of familial relationship, whether caused intentionally or by negligent interference; where the decedent is a minor child with a surviving parent or parents, the trier of fact may award damages to such parent or parents for the loss of familial relationship, whether caused intentionally or by negligent interference.

Under the statute, loss of familial relationship includes "the loss of the comfort, society, affection, guidance, and companionship of the deceased." RSA 556:12, III. Such damages are limited to $50,000 per individual claimant. *Id.*

The language of this provision parallels the language of RSA 556:12, II, which creates a statutory cause of action to compensate a surviving spouse for loss of consortium damages attributable to a spouse's wrongful death. RSA 556:12, II provides for an "award [of] damages to a surviving spouse of the decedent *for the loss of the comfort, society, and companionship of the deceased*" and also limits the amount of the damage award. (Emphasis added.) Thus, the legislature defined the damages recoverable for loss of familial relationship similarly to damages recoverable for loss of consortium. *See also* N.H. CIVIL JURY INSTRUCTIONS 4D § 9.10 (2005) (defining "loss of consortium" damages as the loss of a spouse's society, sex, or services, and further defining "the right to society" as including love, companionship, comfort, affection, solace, or moral support).

We have not yet interpreted the "loss of familial relationship" damages provision in RSA 556:12, III. However, in *Lumbermens' Mutual Casualty Co. v. Yeroyan*, 90 N.H. 145 (1939), and its progeny, we interpreted the scope of a comparable damages provision for loss or impairment of consortium when a spouse is injured either intentionally or negligently. *See* RSA 507:8-a (1997); *Brouillard v. Prudential Prop. & Cas. Ins. Co.*, 141 N.H. 710 (1997); *N.H. Insurance Co. v. Bisson*, 122 N.H. 747 (1982); *Bean v. Miller*, 122 N.H. 681 (1982). We have consistently declined the invitation to define loss of consortium as "bodily injury." *E.g., Brouillard*, 141 N.H. at 718. Furthermore, insurance policy language that contains a definition of "bodily injury" which includes "sickness or disease" does not include loss of consortium. *Bisson*, 122 N.H. at 748. It is well settled that loss of consortium is a consequential damage derivative of the underlying bodily injury claim. *Brouillard*, 141 N.H. at 718 (in context of underinsured motorist benefits); *Bean*, 122 N.H. at 683-84 (in context of a third-party lawsuit where the defendant has liability insurance). Thus, we have held that even though a spouse has a separate cause of action for loss of consortium under RSA 507:8-a, such a claim does not trigger an

additional per person bodily injury limit of insurance coverage. *Id.*; *Bisson*, 122 N.H. at 748; *Bean*, 122 N.H. at 684.

■ The statutory claim for damages attributable to loss of familial relationship (RSA 556:12, III) is analogous to a loss of consortium claim under RSA 556:12, II (decedent spouse) and RSA 507:8-a (injured spouse). The plain language of RSA 556:12, III: (1) tracks the statutory language providing for damages for loss of consortium in a wrongful death action (RSA 556:12, II); and (2) provides for compensation for "loss of comfort, society, affection, guidance, and companionship of the deceased," which does not involve bodily injury to the surviving parent or child. We conclude that like loss of consortium, loss of familial relationship is a consequential damage derivative of the original underlying bodily injury. *See Brouillard*, 141 N.H. at 718. As such, it does not constitute a separate "bodily injury," and it is not included in insurance policy language that defines "bodily injury" in terms analogous to sickness or disease. Therefore, it does not trigger a separate and additional per person bodily injury limit under the Policy.

The respondent paid the petitioners $100,000 for the wrongful death claim filed on behalf of their deceased son's estate. Because the petitioners' individual loss of familial relationship claims do not constitute separate "bodily injury" claims, they do not trigger a separate and additional "per person" bodily injury limit under the Policy. Thus, the petitioners, on behalf of their son's estate, have already received from the respondent the maximum per person amount available under the Policy for all damages arising from their deceased son's underlying "bodily injuries." Accordingly, the trial court did not err in granting the respondent's motion for summary judgment.

*Affirmed.*

BRODERICK, C.J., and DALIANIS and DUGGAN, JJ., concurred.