UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Michael Medeiros and Nikki Medeiros,
 Plaintiffs

 v.                                    Case No. 22-cv-189-SM
                                       Opinion No. 2023 DNH 042

Town of Rindge, Robert Edward
Knight, CNH Industrial America, LLC,
Diamond Mowers, LLC, and Howard P.
Fairfield, LLC,
 Defendants


**O R D E R**

This action arises out of a motor vehicle accident that
occurred in Rindge, New Hampshire on June 21, 2021, involving a
tractor owned by the Town of Rindge, and operated by one of its
employees. Plaintiffs have filed suit against the driver of the
tractor, his employer, and against the tractor's manufacturers
and distributors, including Howard P. Fairfield, LLC. ("HP
Fairfield"), asserting claims for negligence, breach of
warranties, strict liability, and loss of consortium.  HP
Fairfield has moved pursuant to Fed. R. of Civ. P. 12(b)(6) to
dismiss all claims against it.  Plaintiffs object.  For the
reasons stated, HP Fairfield's motion to dismiss is granted.

1

## Standard of Review

When considering a motion to dismiss, the court accepts all well-pleaded facts alleged in the complaint as true, disregarding legal labels and conclusions, and resolving reasonable inferences in the plaintiff's favor. See Galvin v. U.S. Bank, N.A., 852 F.3d 146, 155 (1st Cir. 2017). To avoid dismissal, the complaint must allege sufficient facts to support a plausible claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To satisfy the "plausibility standard," the factual allegations in the complaint, along with reasonable inferences drawn from those allegations, must show more than a mere possibility of liability – that is, "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). See also Lyman v. Baker, 954 F.3d 351, 359–60 (1st Cir. 2020) ("For the purposes of our 12(b)(6) review, we isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements.") (cleaned up).

In other words, the complaint must include well-pled (i.e., non-conclusory, non-speculative) factual allegations as to each of the essential elements of a viable claim which, if assumed to be true, would allow the court to draw the reasonable and plausible inference that the plaintiff is entitled to the relief

sought. See Tasker v. DHL Retirement Savings Plan, 621 F.3d 34, 38-39 (1st Cir. 2010).

**Factual Background**

Accepting the complaint's factual allegations as true – as the court must at this juncture - the relevant background is as follows. Defendant CNH Industrial America LLC designs, manufactures, and sells tractor vehicles, including the tractor at issue here. In October, 2014, that tractor was sold to defendant Diamond Mowers, LLC, which installed attachments onto the tractor, including a boom attachment. Diamond Motors then sold the tractor to defendant Howard P. Fairfield, LLC, ("HP Fairfield") in January, 2015. HP Fairfield subsequently installed a beacon light on the roof of the tractor, and, in March 2017, sold the tractor to the town of Rindge.

Plaintiffs, Michael and Nikki Medeiros, are residents of Lowell, Massachusetts. On June 21, 2021, Michael Medeiros was driving his motorcycle on U.S. Route 119 in Rindge, when the accident occurred. Plaintiffs allege that defendant Robert Edward Knight, an employee of the Town of Rindge, was negligently and recklessly operating the tractor, causing an accident that resulted in "permanent and severe injury to Mr. Medeiros." Compl. ¶ 22. As a result of the accident, Michael's

3

lower leg was amputated.  Plaintiffs contend that the accident was caused by Knight's operation of the tractor, and because "the Tractor was defective, hazardous, unreasonably dangerous and not safe or suitable for use or operation on public roadways."  Id. at ¶ 24.

## **Discussion**

Plaintiffs assert claims against HP Fairfield for negligence, breach of warranties, and strict liability, as well as a claim for loss of consortium.  HP Fairfield argues that all claims against it should be dismissed because the complaint fails to allege facts sufficient to give rise to cognizable legal claims.

### 1.   Negligence

To state a claim for negligence under New Hampshire law, a plaintiff must allege facts that show the defendant owed him a duty, breached that duty, and that the breach caused the plaintiff harm.  Yager v. Clauson, 169 N.H. 1, 5 (2016). "Whether a duty exists in a particular case is a question of law."  Webber v. Deck, 433 F. Supp. 3d 237, 248 (D.N.H. 2020) (quoting Riso v. Dwyer, 168 N.H. 652, 654 (2016)).  "A plaintiff must allege facts that show a reasonable probability that he

4

would not have been injured but for the defendant's negligence." Id. (citing Beckles v. Madden, 160 N.H. 118, 124 (2010)).

Plaintiffs allege that HP Fairfield purchased the tractor from Diamond Mowers, installed beacon lights, and then resold the tractor to the Town of Rindge. Plaintiffs further allege that the design, manufacture, distribution, testing, and maintenance of the tractor by defendants CNH, Diamond Motors, and HP Fairfield (along with the negligence of Knight) somehow caused an accident, resulting in serious injury. Defendant argues that plaintiffs have not stated a claim for negligence because the complaint fails to set forth factual allegations establishing (1) the duty owed to Plaintiffs by HP Fairfield, or (2) the specific actions taken by HP Fairfield that were purportedly negligent and breached the unspecified duty.

Defendant's argument is persuasive. Plaintiffs' negligence claims suffer from several deficiencies, but most notably, the complaint lacks allegations detailing facts related to the accident that implicate any duty owed by HP Fairfield to plaintiffs, or any breach, or any damages caused by such a breach. Plaintiffs do vaguely argue that the beacon lights HP Fairfield installed were defective and somehow contributed to cause the accident. But, the complaint does not allege that the

5

beacon lights, specifically, were defective, nor does the complaint describe how they were defective, or allege facts that suggest the accident was caused in part by the defective beacon lights.  And, while the complaint does allege that HP Fairfield failed to install appropriate turn indicators on the tractor, the complaint is without factual allegations that establish a causal connection between HP Fairfield's purported failure to install appropriate turn signals and the accident.

Given the absence of factual allegations establishing a causal connection between HP Fairfield's actions and plaintiffs' injury, the complaint fails to state a claim for negligence.  See Ronayne v. State, 137 N.H. 281, 284 (1993) (plaintiffs failed to state a negligence claim where they failed to describe any acts that would allow an inference that defendant performed these functions in an unreasonable manner, and failed to draw a sufficient causal connection between the defendant's acts and the list of claimed injuries).  Defendant's motion to dismiss plaintiffs' negligence claim against them is granted, albeit without prejudice.  To the extent plaintiffs can plausibly, and in good faith, assert factual allegations that would support a legally cognizable claim for negligence, they may file a motion to amend their complaint within 30 days of the date of this order.  See Ashcroft v. Iqbal, 556 U.S. at 678 ("A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

### 2.  Breach of Warranties

Plaintiffs' second claim against HP Fairfield, Count X, is styled as a "Breach of Warranties" claim.  In support of that claim, plaintiffs allege that "HP Fairfield expressly and/or impliedly warranted that its product was safe, merchantable[,] and/or fit for intended uses."  Compl. ¶ 75.  Thus, plaintiffs have seemingly asserted claims against HP Fairfield for breach of express warranty and breach of implied warranty.  Both claims are governed by the Uniform Commercial Code.  See N.H. Rev. Stat. Ann. 382-A:2-102 and 2-105.

### Breach of Express Warranty

Turning first to plaintiffs' express warranty claim, under the UCC, a seller can create an express warranty in several ways:

> (a)  Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

> (b)  Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

7

RSA 382-A:2-313(1).  Defendant argues that the complaint lacks any allegation relating to an affirmation of fact, promise or description of the goods made by HP Fairfield about the tractor that became the basis of any bargain with the Town of Rindge.

Plaintiffs fail to meaningfully respond to defendant's argument.  And, defendant is correct in arguing that the complaint fails to identify any "promise or affirmation of fact" made by HP Fairfield relating to the tractor that became "part of the basis of the contractual bargain" between the Town of Rindge and HP Fairfield.  Kelleher v. Marvin Lumber & Cedar Co., 152 N.H. 813, 841 (2005).

Because the complaint fails to sufficiently allege a viable breach of express warranty claim against HP Fairfield, defendant's motion to dismiss the claim is granted, albeit without prejudice. To the extent plaintiffs can plausibly, and in good faith, assert factual allegations that would support a cognizable claim for breach of express warranty, they may file a motion to amend their complaint within 30 days of the date of this order.  See Ashcroft v. Iqbal, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual

8

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Breach of Implied Warranty

Defendant next argues that plaintiffs' implied warranty claim is barred by the applicable statute of limitations set forth in N.H. Rev. Stat. Ann. 382-A:2-725(1), which requires that an action for breach of any contract for sale "be commenced within four years after the cause of action has accrued." Pursuant to that statute:

> A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

N.H. Rev. Stat. Ann. § 382-A:2-725. The New Hampshire Supreme Court has held that the discovery rule for future performance does not apply to implied warranties. See Kelleher v. Marvin Lumber & Cedar Co., 152 N.H. 813, 853 (2005). "While equitable tolling and the fraudulent concealment rule may extend the limitation period for purposes of a claim of breach of an express warranty, they do not apply to breach of implied warranties claims." Caldwell v. Atrium Med. Corp., No. 17-CV-

9

021-LM, 2019 WL 4600382, at *2 (D.N.H. Sept. 23, 2019) (citing Begley v. Windsor Surry Co., Civ. No. 17-cv-317-LM, 2018 WL 1401796, at *8 (D.N.H. Mar. 19, 2018) (relying on Lockheed Martin Corp. v. RFI Supply, Inc. 440 F.3d 549, 556-57 (1st Cir. 2006))).

Plaintiffs respond that that the statute of limitations set forth in N.H. Rev. Stat. Ann. ("NH RSA") 507-D:2(4) governs their breach of warranty claims.  That argument is unavailing, however, because, in Heath v. Sears, Roebuck & Co., 123 N.H. 512 (1983), the New Hampshire Supreme Court held NH RSA 507-D:2(4) unconstitutional, and voided it "in its entirety."

The tractor at issue was purchased from HP Fairfield by the Town of Rindge in 2017, and the statute of limitations began to run at that time.  Any cause of action against HP Fairfield for breach of warranty expired four years later, in 2021. Plaintiffs filed suit in 2022, more than four years after the Town's purchase of the tractor.  Accordingly, their implied warranty claim is untimely under the UCC.

For the reasons discussed, defendant's motion to dismiss plaintiffs' breach of implied warranty claim against them is granted.

10

3.  Strict Liability

To prove a strict liability claim under New Hampshire law, a plaintiff must establish that the product is both unreasonably dangerous and that it is defective.  Buckingham v. Reynolds, 142 N.H. 822, 826 (1998).  See also Kelleher v. Marvin Lumber & Cedar Co., 152 N.H. 813, 824 (2005) ("Under the doctrine of strict liability, one who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer.") (internal quotations omitted) (cleaned up).  "A strict liability claim may allege that the product in question was defectively designed, that it lacked adequate warnings to consumers, or . . . that it was defectively manufactured."  Wood v. Medtronic Xomed Inc., No. 13-CV-090-LM, 2015 WL 2342799, at *7 (D.N.H. May 14, 2015).  Here, plaintiffs allege that the tractor at issue was defectively designed, lacked adequate warnings, and was defectively manufactured.

Defendant moves to dismiss plaintiffs' strict liability claim on grounds that the complaint does not allege any purported defective condition rendering the tractor unreasonably dangerous, or that caused or contributed to cause the accident

11

at issue.  Plaintiffs respond that the beacon lights installed by HP Fairfield were "defective, unreasonably dangerous, and contributed to cause the subject accident."  Pls.' Mem. in Support of Obj. to Mot. to Dismiss at 11.

Again, the allegation plaintiffs rely upon in response to defendant's motion – that the beacon lights HP Fairfield installed were, in fact, defective, and that those unspecified defects contributed to the accident – is absent from plaintiffs' complaint, and would be too vague to suffice even if included. As noted above, plaintiffs allege that HP Fairfield installed a beacon light before reselling the tractor to the Town of Rindge. But, they have not alleged that HP Fairfield's installation of the beacon light (or the beacon light, itself) was faulty, or that the defective beacon light caused, or contributed to cause, the accident.  While plaintiffs also vaguely allege that defendant "distributed, and/or sold the tractor" in a condition that was "defective and/or unreasonably dangerous," they assert no factual allegations as to what condition was defective, or why that defective condition was attributable to HP Fairfield. Compl. ¶ 81. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. at 679.

12

Accordingly, defendant's motion to dismiss plaintiffs' strict liability claim against them is granted, albeit without prejudice. To the extent plaintiffs can plausibly, and in good faith, assert factual allegations that would support a legally cognizable claim for strict liability, they may file a motion to amend their complaint within 30 days of the date of this order. See Ashcroft v. Iqbal, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

### 4.   Loss of Consortium

Because plaintiffs' loss of consortium claim is ancillary to the underlying claims, defendant argues that the claim against it should also be dismissed. See Guilfoy v. United Servs. Auto. Assn., 153 N.H. 461, 463 (2006) ("It is well settled that loss of consortium is a consequential damage derivative of the underlying bodily injury claim."). The court agrees. Defendant's motion to dismiss plaintiffs' loss of consortium claim against it is granted, albeit without prejudice. To the extent plaintiffs can plausibly, and in good faith, assert factual allegations that would support a legally cognizable claim for loss of consortium, they may file a motion to amend their complaint within 30 days of the date of this

13

order. See Ashcroft v. Iqbal, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

## Conclusion

For the foregoing reasons, as well as those set forth in defendant's memoranda (documents no. 31-1 and 37), HP Fairfield's motion to dismiss (document no. 31) is **GRANTED** with prejudice as to plaintiffs' claim for breach of implied warranty. HP's Fairfield's motion to dismiss plaintiffs' claims for negligence, breach of express warranty, strict liability, and loss of consortium is **GRANTED**, but without prejudice to plaintiffs' filing a motion for leave to file an amended complaint (to be attached to the motion for leave) within thirty (30) days of the date of this order.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 21, 2023

cc:  Counsel of Record

14